An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL CHAPA,
Appellant,
vs.
LETA V. ADAMS-CHAPA,
Respondent.

No. 59628

**FILED**

FEB 15 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court decision, on remand from this court, which granted respondent's motion to relocate with the parties' minor child. Eighth Judicial District Court, Family Court Division, Clark County; Robert Teuton, Judge.

On appeal, appellant contends that respondent did not provide evidence demonstrating that the relocation would result in a financial advantage, as the district court found, or that she has family support in Illinois that she would not have in Nevada. He further contends that respondent's request to relocate was not made in good faith or in the best interest of their child, and that she was merely trying to move away from appellant.

In reviewing a custodial parent's request to relocate with a minor child, the district court must first determine whether the custodial parent and the child will both realize an actual advantage by relocating. Jones v. Jones, 110 Nev. 1253, 1265-66, 885 P.2d 563, 572 (1994) (noting that a sensible, good faith reason to move constitutes an actual advantage); Schwartz v. Schwartz, 107 Nev. 378, 382, 812 P.2d 1268, 1271 (1991). If the court finds an actual advantage, the court must then weigh the relevant factors and subfactors set forth in Schwartz, focusing on the

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04988

availability of adequate, alternative visitation. Trent v. Trent, 111 Nev. 309, 315-16, 890 P.2d 1309, 1312-13 (1995). Under the Schwartz factors, when determining whether to grant a parent's motion to relocate with the parties' child, the court must consider (1) whether the move will likely improve the custodial parent and the child's quality of life; (2) whether the custodial parent's motives are honorable; (3) whether the custodial parent will comply with the court's visitation orders; (4) whether the noncustodial parent's motives for resisting the move are honorable; and (5) whether the noncustodial parent will have a realistic opportunity to exercise visitation if the move is approved, so that the parent's relationship with the child will be adequately fostered. 107 Nev. at 382-83, 812 P.2d at 1271.

While the district court's decision did not thoroughly analyze all of the factors set forth in Schwartz, it is clear from the record that the factors were considered, and the record before us supports the district court's decision to grant the motion to relocate. In particular, the record demonstrates that respondent and the child would both benefit from actual advantages by relocating to Illinois, including free housing, the proximity of family, and the presence of a good school within walking distance of where they would reside. Jones, 110 Nev. at 1265-66, 885 P.2d at 572 (noting that a showing of an actual advantage by relocating does not require a significant economic or other tangible benefit in order to apply the Schwartz factors). The record also shows that reasonable alternative visitation was available for appellant through extended summer and other holiday visitation, as well as communication by telephone and the Internet. Jones, 110 Nev. at 1266, 885 P.2d at 572 (holding that if the custodial parent establishes a good-faith reason for the move and that reasonable, alternative visitation is possible, the burden

shifts to the noncustodial parent to show that relocation is not in the best interest of the child); see also Trent, 111 Nev. at 317, 890 P.2d at 1313-14 (recognizing that a noncustodial parent's preference for daily contact with the child may not serve as a basis to "chain" the custodial parent to the state). We further conclude that, applying the other Schwartz factors to this matter, these factors weigh in favor of authorizing the relocation. See Jones, 110 Nev. at 1262, 885 P.2d at 570 (finding that a drastic improvement to quality of life does not need to be shown in order to weigh in favor of relocation). Because substantial evidence in the record supports the district court's findings, the district court did not abuse its discretion in granting respondent's motion to relocate to Illinois with the parties' child. Wallace v. Wallace, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that this court reviews district court child custody decisions for an abuse of discretion). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____

[1]Appellant's assertion that he is prohibited from having visitation with the parties' child in Illinois by a protective order does not appear to have been raised before the district court and is thus not properly before this court on appeal. See In re AMERCO Derivative Litigation, 127 Nev. ___, ___ n.6, 252 P.3d 681, 697 n.6 (2011) (declining to consider an issue raised for the first time on appeal).

cc:  Hon. Robert Teuton, District Judge, Family Court Division
     Michael Chapa
     Leta V. Adams-Chapa
     Eighth District Court Clerk